121993

No. 7313.

# 7313

State of Louisiana.

State, ex rel, Mrs. Santa Coltraro.

Court of Appeal

Vs

City of New Orleans.

Parish of Orleans.

St. Paul, Judge.

This is an application for a Mandamus to compel defendant to receive the City taxes on certain real estate which the relator does not dispute, but which the City refuses to accept unless relator pay at the same time a certain paving claim assessed against the same property which relator does dispute.

The City answers that mandamus will not lie, contending that it is not the plain ministerial duty of the city to seperate the two taxes and accept the one without the other, but on the contrary the city must collect the two at the same time; and for this it relies on Section 49, par. C. of Act 159 of 1912, as amended by Act 69 of 1916, reading as follows;

"Upon completion of said work the Commissioner of Public Property shall issue a bill against each property owner for his portion of the cost of said work, which shall be due in cash within ten days after presentation of said bill. Should any bill not be paid within said delay x x x x the Commissioner of Public Finances shall add the amount of said bill, plus interest at four and one half per cent per annum, to the next tax bill of said delinquent and property owner."

Granting that this section means exactly what defendant claims, to wit, that paving claims unless paid at once, shall become collectible and shall be collected at the same time and in the same manner as other city taxes, the same however is equally true of taxes levied upon the same property but for different purposes, the only difference being that in the former case the tax is specific and in the latter ad valorem and hence whatever law is applicable in the one case is equally applicab in the other.

The city must therefore do in the one case exactly what it must do in the other; that is to say, its plain ministerial duty is the same in both cases.

But it is the plain ministerial duty of the city to receive that part of a tax which is undisputed and not insist upon the rest if the tax payer disputes it.

For the collection of municipal taxes is governed in all respects by the laws applicable to the collection of State taxes (Act 119 of 1882 p. 167).

And the laws governing the collection of State taxes expressly provide that, "No injunction restraining the collection of any tax x x x shall issue except to enjoin the collection of that portion of the tax which may be in contest; and no injunction shall issue against that portion in contest until the tax payer shall have produced and filed the tax collectors receipt showing that the tax payer has paid that portion of the tax which is not in contest, and which the tax payer acknowledges to be due". Act 170 of 1898, p. 374. *Sec. 56.*

Unless therefore we assume that the law meant to deny the the property owner the right to contest any claim, or alleged claim, for paving which the Commissioner of Finance may think proper to add to his tax bill (which of course is altogether inadmissible) we are bound to conclude that the city must receive, and receipt for, the uncontested tax, thus leaving to the tax payer his remedy for stopping the collection of that which is disputed.

The judgment appealed from is therefore affirmed.

Judgment Affirmed.